STATE OF NORTH CAROLINA v. JAMES MICHAEL DAVIS

No. 320PA09

(Filed 27 August 2010)

**1. Appeal and Error— preservation of issues—failure to raise constitutional issue at trial—right to appeal court's failure to follow statutory mandate**

The Court of Appeals did not err by dismissing defendant's constitutional double jeopardy argument because it was not raised and passed on by the trial court and thus was not considered on appeal. However, our Supreme Court considered defendant's statutory argument, that N.C.G.S. § 20-141.4(b) did not authorize the trial court to impose punishment for felony death by vehicle and felony serious injury by vehicle because the second-degree murder and assault with a deadly weapon inflicting serious injury judgments provide greater punishment for the same conduct, notwithstanding defendant's failure to object at trial, since it is well established that when a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved.

2. **Motor Vehicles— driving while impaired—felony death by vehicle—felony serious injury by vehicle—second-degree murder and assault with deadly weapon inflicting serious injury provide greater punishment for same conduct**

The trial court erred by sentencing defendant for felony death by vehicle and felony serious injury by vehicle when the second-degree murder and assault with a deadly weapon inflicting serious injury judgments provided greater punishment for the same conduct. In accord with the plain language of N.C.G.S. § 20-141.4(b), the General Assembly does not authorize punishment for the enumerated offenses when punishment is imposed for higher class offenses that apply to the same conduct. The felony death by vehicle and felony serious injury by vehicle judgments were vacated, and the conviction for driving while impaired was reinstated.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, —— N.C. App. ——, 678 S.E.2d 385 (2009), finding no error in part in judgments entered 11 June 2008 by Judge Richard D. Boner in Superior Court, Gaston County, and dismissing in part defendant's appeal. Heard in the Supreme Court 24 March 2010.

*Roy Cooper, Attorney General, by Isaac T. Avery, III, Special Counsel, for the State.*

*James N. Freeman, Jr. for defendant-appellant.*

TIMMONS-GOODSON, Justice.

The issue in this case is whether the trial court was authorized to sentence defendant for felony death by vehicle and felony serious injury by vehicle when second-degree murder and assault with a deadly weapon inflicting serious injury (ADWISI) judgments provided greater punishment for the same conduct. We hold that the General Assembly did not intend to punish for felony death by vehicle and felony serious injury by vehicle when a conviction for a greater offense is based on the same conduct. Accordingly, we vacate the felony death by vehicle and felony serious injury by vehicle judgments.

## I. Background

During the evening of 16 June 2007, defendant drove his 1987 Ford F-350 truck northbound on Highway 321 in South Carolina

toward the North Carolina border. About three-quarters of a mile south of the state border, a South Carolina deputy sheriff was engaged in a traffic stop when he observed defendant's truck veer off the road, strike a road sign, and continue traveling northbound. A witness traveling southbound heard a loud "boom" and then saw a road sign flying through the air as defendant's truck wove from side to side.

Meanwhile, the Ray family, Warren, his wife Vicky, and their daughter Melissa, approached the intersection of Highway 321 and Robinson Clemmer Road slightly north of the border. The Ray family traveled in Melissa's 1999 Chevrolet S-10 extended cab pickup truck; Warren drove while Melissa rode in the front passenger seat and Vicky sat in the rear seat. Each member of the Ray family wore a seat belt.

While the family waited to turn left onto Highway 321 to travel southbound, Melissa saw defendant's truck veer off the road onto the grass, heading directly toward their vehicle. Defendant's F-350 truck forcefully collided with the Rays' smaller truck. The Rays' truck was "knocked [] straight up" and it flipped. Before losing consciousness, Melissa saw her mother ejected from their truck during the collision.

When Melissa regained consciousness, she found that her seat belt remained fastened, but her father, Warren, was unresponsive and lying on top of her. The truck was littered with blood and glass. Melissa was trapped in the wreckage until emergency responders cut the roof of the truck to free her.

Emergency medical personnel pronounced Warren and Vicky Ray dead at the scene of the accident. Autopsies later confirmed that they died from injuries sustained during the collision. Melissa received treatment for severe scratches and bruises at a nearby hospital. She experienced pain for about one year after the collision and required surgery to remove a hematoma that failed to heal.

At the scene of the accident, defendant denied that he had consumed any alcohol. At the hospital, however, a North Carolina state trooper administered an Alkasensor test that indicated defendant had alcohol in his system. Defendant also gave two blood samples that were subsequently tested for his blood alcohol concentration; the hospital retained one and the other was sent to the State Bureau of Investigation (SBI). The sample tested by the SBI yielded a blood alcohol concentration of 0.09 and the sample tested by the hospital registered 0.11. Based on these results, a testifying expert

opined that defendant's blood alcohol concentration was 0.13 at the time of the collision.

Accident investigators analyzed the scene. They found no skid marks or other indicia that defendant attempted to brake before the collision. One investigator estimated that defendant's F-350 was traveling between forty-six and forty-eight miles per hour at impact. After impact, defendant's F-350 continued fourteen feet on the pavement and sixty-six feet on the grass before it stopped.

On 2 July 2007, defendant was indicted for two counts each of second-degree murder and felony death by vehicle for the deaths of Warren and Vicky Ray. Defendant was indicted for one count each of ADWISI and felony serious injury by vehicle for the injuries inflicted on Melissa Ray. Defendant was also indicted for one count each of reckless endangerment and driving while impaired. A jury convicted defendant on all charges in June 2008.

The trial court arrested judgment on driving while impaired, as a lesser included offense of felony death by vehicle and felony serious injury by vehicle, and entered judgment on all remaining convictions. The trial court sentenced defendant to consecutive terms of 189 to 236 months for both second-degree murder convictions, another consecutive term of 19 to 23 months for the felony serious injury by vehicle conviction, and, finally, a consecutive term of 29 to 44 months in prison for the conviction of ADWISI. Two terms of twenty-nine to forty-four months in prison were imposed for the felony death by vehicle convictions, which ran consecutively to each other but concurrently with the second-degree murder judgments. A forty-five day term was imposed for reckless driving to run concurrently with the first felony death by vehicle judgment. Defendant did not object at sentencing.

Before the Court of Appeals, however, defendant claimed that N.C.G.S. § 20-141.4(b) did not authorize his sentences for felony death by vehicle and felony serious injury by vehicle because the second-degree murder and ADWISI judgments provide greater punishment for the same conduct. Further, defendant claimed that felony death by vehicle is a lesser included offense of second-degree murder and that felony serious injury by vehicle is a lesser included offense of ADWISI. Thus, defendant also argued the trial court violated double jeopardy by failing to arrest the felony death by vehicle and felony serious injury by vehicle judgments. *See State v. Davis*, —— N.C. App. ——, ——, 678 S.E.2d 385, 390 (2009). The Court of Appeals did not

address the merits of defendant's arguments, holding instead that defendant did not preserve his objection "to a purported double jeopardy violation" because he did not object at trial. *Id.* at ——, 678 S.E.2d at 390 (citing,. *inter alia, State v. Madric,* 328 N.C. 223, 231, 400 S.E.2d 31, 36 (1991)).

Following the decision by the Court of Appeals, defendant filed with this Court a notice of appeal based upon a constitutional question and a petition for discretionary review. This Court dismissed defendant's notice of appeal, but allowed his petition for discretionary review to consider whether section 20-141.4 authorizes defendant's sentences for felony death by vehicle and felony serious injury by vehicle.

## II. Analysis

[1] The threshold issue we must decide is whether defendant preserved his arguments for appellate review. The Court of Appeals held, and the State now argues, that defendant was required to object at sentencing to preserve his arguments for appeal. To the extent defendant relies on constitutional double jeopardy principles, we agree that his argument is not preserved because "[c]onstitutional questions not raised and passed on by the trial court will not ordinarily be considered on appeal." *State v. Tirado,* 358 N.C. 551, 571, 599 S.E.2d 515, 529 (2004) (citation omitted), *cert. denied,* 544 U.S. 909, 161 L. Ed. 2d 285 (2005); *see also Madric,* 328 N.C. at 231, 400 S.E.2d at 36 (holding that the defendant waived a constitutional double jeopardy argument he failed to raise at trial). Therefore, we affirm the dismissal by the Court of Appeals as it relates to defendant's constitutional double jeopardy argument.

However, defendant also makes the distinct argument that section 20-141.4(b) did not authorize the trial court to impose punishment for felony death by vehicle and felony serious injury because the second-degree murder and ADWISI judgments provide greater punishment for the same conduct. It is well established that "when a trial court acts contrary to a statutory mandate and a defendant is prejudiced thereby, the right to appeal the court's action is preserved, notwithstanding defendant's failure to object at trial." *State v. Ashe,* 314 N.C. 28, 39, 331 S.E.2d 652, 659 (1985) (citing *State v. Bryant,* 189 N.C. 112, 126 S.E. 107 (1925)); *see also Tirado,* 358 N.C. at 571, 599 S.E.2d at 529 (finding waiver of the constitutional argument that the defendant was denied a fair and impartial jury, but addressing the interrelated contention that the trial court violated its

statutory duty to ensure a randomly selected jury). Accordingly, the Court of Appeals erred by failing to review defendant's argument that the trial court lacked statutory authority to sentence him for felony death by vehicle and felony serious injury by vehicle. We review that argument now.

**[2]** Defendant's argument presents a question of statutory interpretation. "The intent of the Legislature controls the interpretation of a statute." *State v. Joyner*, 329 N.C. 211, 217, 404 S.E.2d 653, 657 (1991) (citation and quotation marks omitted). When a statute is unambiguous, this Court "will give effect to the plain meaning of the words without resorting to judicial construction." *State v. Byrd*, 363 N.C. 214, 219, 675 S.E.2d 323, 325 (2009) (citations omitted). " '[C]ourts must give [an unambiguous] statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein.' " *State v. Green*, 348 N.C. 588, 596, 502 S.E.2d 819, 824 (1998) (citations omitted), *cert. denied*, 525 U.S. 1111, 142 L. Ed. 2d 783 (1999).

Chapter 20 of our General Statutes regulates motor vehicles and includes criminal statutes that target impaired driving. In 2006, the General Assembly expanded the scope of section 20-141.4, adding, among other offenses, felony serious injury by vehicle. Motor Vehicle Driver Protection Act of 2006, ch. 253, sec. 14, 2006 N.C. Sess. Laws 1178, 1187-88. In the 2006 amendment, the General Assembly also added a prefatory clause to subsection (b), which we find dispositive here. Thus, the current version of section 20-141.4 clearly and unambiguously provides, *"Unless the conduct is covered under some other provision of law providing greater punishment,* the following classifications apply to the offenses set forth in this section: . . . (2) Felony death by vehicle is a Class E felony. . . . (4) Felony serious injury by vehicle is a Class F felony." N.C.G.S. § 20-141.4(b) (2009) (emphasis added).

Defendant argues the prefatory clause in subsection (b) limits a trial court's authority to impose punishment for the enumerated offenses when punishment is imposed for higher class offenses that apply to the same conduct. The State counters that the prefatory clause merely forecloses the argument that punishment for a higher class offense—such as second-degree murder in this case—is limited to the "Class E" designation given felony death by vehicle. *See* N.C.G.S. § 14-17 (2009) (classifying second-degree murder as a class B2 felony). Defendant's interpretation comports with the plain language of the statute.

STATE v. DAVIS

[364 N.C. 297 (2010)]

Section 20-141.4(b), entitled "Punishments," classifies the enumerated offenses "[u]nless the conduct is covered by some other provision of law providing greater punishment." Thus, according to the plain language of the statute, the classifications and corresponding ranges of punishment authorized in subsection (b) apply only when the conduct is not punished by a higher class offense. In turn, when a trial court imposes punishment for a greater offense covering the same conduct, it is not authorized to impose punishment for the offenses enumerated in subsection (b). The General Assembly enacted an alternative in subsection (b), whereby a defendant may be sentenced for the enumerated offenses in the absence of applicable greater offenses, but not for both.

Generally, the offenses in section 20-141.4 criminalize two types of conduct: 1) causing a death by driving while impaired or violating other road rules; or 2) causing serious injury by driving while impaired. *See id.* § 20-141.4(a1)-(a6) (2009). Thus, the offenses in that statute are aimed at preventing homicides and injurious assaults caused by impaired or otherwise unlawful operation of motor vehicles. As the State emphasizes in its brief, it has long been the law in North Carolina that common law homicide and assault offenses apply to deaths and injuries caused by impaired driving. *See, e.g., State v. Jones,* 353 N.C. 159, 164-65, 538 S.E.2d 917, 922-23 (2000) (affirming convictions of ADWISI in impaired driving case); *State v. Rich,* 351 N.C. 386, 393-94, 527 S.E.2d 299, 303 (2000) (affirming second-degree murder convictions for impaired driving incident); *State v. Snyder,* 311 N.C. 391, 394, 317 S.E.2d 394, 396 (1984) (holding that reckless conduct during the course of drunk driving can fulfill the malice element necessary to sustain a conviction of second-degree murder); *State v. Trott,* 190 N.C. 674, 679-80, 130 S.E. 627, 629-30 (1925) (finding no error in conviction of second-degree murder in connection with impaired driving incident); *see also State v. Sudderth,* 184 N.C. 753, 755, 114 S.E. 828, 829 (1922) (citing cases for the proposition that violating a statute designed for the safety of persons on the road may subject the driver to prosecution "for murder or manslaughter if death ensues, and for assault in cases of personal injury"). Because common law homicide and assault offenses have long applied to deaths and injuries caused by impaired driving, the State contends that the General Assembly manifested an intent to allow cumulative punishment by also creating the offenses in section 20-141.4.

To the contrary, the General Assembly expressly provided in sub-section (b) that the enumerated offenses apply "[u]nless the conduct is covered under some other provision of law providing greater punishment." This language indicates the General Assembly was aware when it enacted the current version of section 20-141.4 that other, higher class offenses might apply to the same conduct. In such situations, as in this case, the General Assembly intended an alternative: that punishment is *either* imposed for the more heavily punishable offense *or* for the section 20-141.4 offense, but not both.

The State further argues that if the General Assembly intended section 20-141.4(b) to preclude multiple punishments, it would have drafted that restriction into subsection (c). Subsection (c) provides:

> No person who has been placed in jeopardy upon a charge of death by vehicle may be prosecuted for the offense of manslaughter arising out of the same death; and no person who has been placed in jeopardy upon a charge of manslaughter may be prosecuted for death by vehicle arising out of the same death.

N.C.G.S. § 20-141.4(c) (2009). The State's reliance on subsection (c) is misplaced. Subsection (c) has no application here because defendant was not charged with or convicted of manslaughter. Moreover, we have recently rejected the notion that the legislature intends the opposite of language it refuses to incorporate into a statute. *See N.C. Dep't of Corr. v. N.C. Med. Bd.*, 363 N.C. 189, 202, 675 S.E.2d 641, 650 (2009) ("That a legislature declined to enact a statute with specific language does not indicate the legislature intended the exact opposite."); *see also Styers v. Phillips*, 277 N.C. 460, 472-73, 178 S.E.2d 583, 590-91 (1971). Rather, the General Assembly made its intent clear in subsection (b).

Although this Court has not previously interpreted the language in the prefatory clause of section 20-141.4(b), we note that the Court of Appeals has made the same interpretation of identical language in various criminal statutes. In *State v. Ezell*, for example, the defendant was tried and convicted of ADWISI and assault inflicting serious bodily injury based on the same conduct. 159 N.C. App. 103, 105, 582 S.E.2d 679, 681 (2003). The trial court imposed consecutive sentences for the convictions, and the defendant advanced a double jeopardy argument on appeal. *Id.* at 105, 582 S.E.2d at 681-82. Ultimately, however, the Court of Appeals' analysis turned on the statutory provision that assault inflicting serious bodily injury applied " '[u]*nless* the conduct is covered under some other provision of law providing greater

punishment.' " *Id.* at 109, 582 S.E.2d at 684 (quoting N.C.G.S. § 14-32.4 (brackets and emphasis added by court)). ADWISI was a Class E felony, thereby providing greater punishment for the same conduct than assault inflicting serious bodily injury, a Class F felony. *Id.* at 111, 582 S.E.2d at 685. Thus, the trial court could not sentence the defendant for both offenses. *Id.* The Court of Appeals interpreted "unless the conduct is covered under some other provision of law providing greater punishment" the same way in at least two cases after *Ezell. State v. McCoy*, 174 N.C. App. 105, 116, 620 S.E.2d 863, 871-72 (2005) (holding that the defendant could not be sentenced for misdemeanor assault inflicting serious injury and ADWISI, a Class E felony, for the same conduct), *disc. rev. denied*, 628 S.E.2d 8 (2006); *cf. State v. Hines*, 166 N.C. App. 202, 208-09, 600 S.E.2d 891, 896-97 (2004) (holding that separate sentences for aggravated assault on a handicapped person and the greater felony of robbery with a dangerous weapon were permissible as punishing distinct conduct—an assault and a robbery).

In this case, defendant points out that second-degree murder is a Class B2 felony, *see* N.C.G.S. § 14-17, and ADWISI is a Class E felony, *id.* § 14-32(b) (2009). Section 20-141.4(b) specifies that felony death by vehicle is a Class E felony and felony serious injury by vehicle is a Class F felony "[u]nless the conduct is covered under some other provision of law providing greater punishment." The judgments for second-degree murder and felony death by vehicle punish the same conduct, as do the felony serious injury by vehicle and ADWISI judgments. Because second-degree murder and ADWISI provide greater punishment for the same conduct, section 20-141.4(b) does not authorize the trial court to impose sentences for felony death by vehicle and felony serious injury by vehicle.

In accord with the plain language of section 20-141.4(b), we hold that the General Assembly did not authorize punishment for the enumerated offenses when punishment is imposed for higher class offenses that apply to the same conduct. Thus, the trial court in this case was not authorized to sentence defendant for felony death by vehicle and felony serious injury by vehicle.

### III. Conclusion

Defendant's sentences for second-degree murder and ADWISI punish the same conduct as his sentences for felony death by vehicle and felony serious injury by vehicle. According to the plain language of section 20-141.4(b), the trial court was not authorized to impose

punishment for felony death by vehicle and felony serious injury by vehicle because second-degree murder and ADWISI impose greater punishment for the same conduct. Therefore, the felony death by vehicle and felony serious injury by vehicle judgments are vacated and the conviction for driving while impaired is reinstated. This case is remanded to the Court of Appeals for further remand to Superior Court, Gaston County, for resentencing consistent with this opinion.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.