STATE OF NORTH CAROLINA
v.
EDY CHARLES BANKS, JR.

No. COA12-531

Filed 5 February 2013

**Rape—statutory—second-degree rape—lesser-included offense —separate punishments prohibited—failure to object—ineffective assistance of counsel**

> The trial court erred by denying defendant's motion for appropriate relief based on ineffective assistance of counsel. Under the reasoning of *State v. Ridgeway*, 185 N.C. App. 423, separate punishments for statutory rape and second-degree rape, a lesser-included offense of first degree rape, are prohibited by legislative intent. Because defense counsel failed to object to defendant's judgment which sentenced him for both statutory rape and second degree rape convictions based upon a single act of sexual intercourse, defendant received ineffective assistance of counsel.

On writ of *certiorari* to review order entered 5 December 2011 by Judge Anna Mills Wagoner in Rowan County Superior Court. Heard in the Court of Appeals 10 October 2012.

*Attorney General Roy Cooper, by Assistant Attorney General Amy Kunstling Irene, for the State.*

*NC Prisoner Legal Services, Inc., by Allison Standard, for defendant-appellant.*

CALABRIA, Judge.

Edy Charles Banks, Jr. ("defendant") appeals the trial court's order denying his motion for appropriate relief ("MAR") for ineffective assistance of counsel ("IAC"). We reverse and remand.

## I. Background

On 29 November 2007, a jury returned verdicts finding defendant guilty of statutory rape of a person who is 13, 14, or 15 years old by a defendant who is at least 6 years older, second degree rape of a person who is mentally disabled, and taking indecent liberties with a child in Rowan County Superior Court. For the statutory rape conviction, the trial court sentenced defendant to a minimum of 240 months to a maximum of 297 months. For the second degree rape and

indecent liberties convictions, the trial court sentenced defendant to a minimum of 73 months to a maximum of 97 months. Defendant's sentences were to be served consecutively in the North Carolina Department of Correction. Defendant appealed.

In an unpublished opinion, this Court found no error in defendant's trial. *State v. Banks*, 201 N.C. App. 591, 689 S.E.2d 245, 2009 N.C. App. LEXIS 2416, 2009 WL 4931757 (2009)(unpublished). On appeal, defendant argued, *inter alia*, that his convictions for statutory rape and second degree rape, which were based upon the same act of sexual intercourse, violated his double jeopardy rights. *Id.* This Court dismissed defendant's argument because it had not been raised before the trial court. *Id.*

On 2 September 2011, defendant filed an MAR alleging IAC on the basis of his trial counsel's failure to challenge his charges, convictions, and sentences for both statutory rape and second degree rape offenses. Defendant argued that he was improperly convicted and sentenced for both convictions when they both arose from a single act of sexual intercourse.

On 5 December 2011, the trial court, without holding an evidentiary hearing, entered an order denying defendant's MAR, concluding that his constitutional rights were not violated because defendant was convicted of "separate and distinct crimes." In addition, the court concluded that there was "no clear legislative intent to prohibit multiple convictions for the same conduct." Accordingly, the trial court found that defendant failed to establish that his trial counsel's performance fell below an objective standard of reasonableness. Defendant filed a petition for writ of *certiorari* to review the trial court's order. The petition was granted 8 February 2012.

## II. Standard of Review

"When considering rulings on motions for appropriate relief, we review the trial court's order to determine 'whether the findings of fact are supported by evidence, whether the findings of fact support the conclusions of law, and whether the conclusions of law support the order entered by the trial court.' " *State v. Frogge*, 359 N.C. 228, 240, 607 S.E.2d 627, 634 (2005) (quoting *State v. Stevens*, 305 N.C. 712, 720, 291 S.E.2d 585, 591 (1982)).

## III. Ineffective Assistance of Counsel

Defendant argues that the trial court erred in denying his MAR. Specifically, defendant contends that he received IAC when his coun-

sel failed to object to defendant's judgment which sentenced him for both statutory rape and second degree rape convictions that were based upon a single act of sexual intercourse. We agree.

> To prevail on a claim of ineffective assistance of counsel, a defendant must first show that his counsel's performance was deficient and then that counsel's deficient performance prejudiced his defense. Deficient performance may be established by showing that counsel's representation fell below an objective standard of reasonableness. Generally, to establish prejudice, a defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.

*State v. Allen*, 360 N.C. 297, 316, 626 S.E.2d 271, 286 (2006)(internal quotations and citations omitted). In order to determine if defendant's counsel was ineffective, we must first determine whether defendant was improperly sentenced for both rape convictions.

A. Double Jeopardy

In the instant case, defendant's convictions for statutory rape and second degree rape were based upon a single act of sexual intercourse. Our Supreme Court has stated:

> Where, as here, a single criminal transaction constitutes a violation of more than one criminal statute, the test to determine if the elements of the offenses are the same is whether each statute requires proof of a fact which the others do not. By definition, all the essential elements of a lesser included offense are also elements of the greater offense. Invariably then, a lesser included offense requires no proof beyond that required for the greater offense, and the two crimes are considered identical for double jeopardy purposes. If neither crime constitutes a lesser included offense of the other, the convictions will fail to support a plea of double jeopardy.

*State v. Etheridge*, 319 N.C. 34, 50, 352 S.E.2d 673, 683 (1987) (citing *Blockburger v. United States*, 284 U.S. 299, 76 L. Ed. 306 (1932))(citations omitted).

In *Etheridge,* our Supreme Court held that convictions of statutory rape, taking indecent liberties with a child, and incest, where the criminal act in question arose out of a single transaction, do not violate a defendant's rights against double jeopardy, because "[t]he three are legally separate and distinct crimes, none of which is a lesser included offense of another." *Id.* at 50, 352 S.E.2d at 683. Our Courts have also held that a defendant's double jeopardy rights are not violated by convictions for the offenses of crime against nature and second degree sexual offense, *State v. Warren,* 309 N.C. 224, 306 S.E. 2d 446 (1983), statutory rape and indecent liberties, *State v. Weaver,* 306 N.C. 629, 295 S.E.2d 375 (1982), and crime against nature and indecent liberties, *State v. Copeland,* 11 N.C. App. 516, 181 S.E.2d 722 (1971), when the convictions arose from a single sexual act. Since the instant case cannot be materially distinguished from these cases, we must reject defendant's argument that his convictions for both second degree rape and statutory rape violated his double jeopardy rights.

### B. Legislative Intent

However, the fact that the constitutional prohibition against double jeopardy is inapplicable to defendant's case does not end our inquiry regarding the propriety of defendant's sentence. The trial court's order denying defendant's MAR also concluded that there was "no clear legislative intent to prohibit multiple convictions for the same conduct." Our Supreme Court has held that the legislative intent of the General Assembly may also control whether multiple punishments for the same criminal act may be imposed at the same trial. *See State v. Davis,* 364 N.C. 297, 302-05, 698 S.E.2d 65, 67-69 (2010)(concluding that the General Assembly intended to prohibit punishment for convictions of felony death by vehicle and felony serious injury by vehicle when the defendant was punished for the same conduct by convictions for second degree murder and assault with a deadly weapon inflicting serious injury). Although some cases from this Court have elected to analyze the General Assembly's legislative intent through the lens of double jeopardy, rather than as a separate analysis, we find it more appropriate to consider legislative intent as an independent basis to determine the validity of multiple punishments for the same act. *See id.* In the instant case, we consider the legislative intent analysis conducted in our decision in *State v. Ridgeway,* 185 N.C. App. 423, 648 S.E.2d 886 (2007).

In *Ridgeway,* this Court held that the trial court properly allowed the jury to review evidence of both statutory rape and first degree

rape arising out of a single act of sexual intercourse. *Id.* at 434, 648 S.E.2d at 894. However, the Court held that upon verdicts of guilty on both theories, judgment on one conviction must be arrested. *Id.* To reach this conclusion, the *Ridgeway* Court conducted the following analysis regarding the legislative intent behind the enactment of N.C. Gen. Stat. § 14-27.7A, which criminalizes the offense of statutory rape:

> Under the original statutes for rape and sexual offense, a plain reading of the statutes shows the legislative intent was to provide alternate methods by which the State can prove the crimes of rape or sexual offense: *intercourse or a sexual act with a child under 13* or intercourse or a sexual act with any person by force and against the will. *See* N.C.G.S. §§ 14-27.2, 14 -27.4 (2005). In 1995, the legislature adopted a new statute *extending protection to children between the ages of 13 and 15 from sexual acts or intercourse by older persons.* N.C. Gen. Stat. § 14-27.7A (2005). Separate convictions for these offenses, even though consolidated for a single judgment, 'have potentially severe adverse collateral consequences.'

*Id.* at 435, 648 S.E.2d at 894-95 (emphasis added). Thus, this Court has interpreted N.C. Gen. Stat. § 14-27.7A as merely providing an extension of one of the "alternate methods by which the State can prove the crime[] of rape" under N.C. Gen. Stat. § 14-27.2, which criminalizes first degree rape. This interpretation is consistent with the classification of both offenses as Class B1 felonies. *See* N.C. Gen. Stat. § 14-27.2(a), 14-27.7A (2011).

In the instant case, the statute under which defendant was convicted, N.C. Gen. Stat. § 14-27.3, criminalizes second degree rape and provides the State with additional alternatives of proving rape which would not, standing alone, result in a first degree rape conviction. Specifically, that statute criminalizes sexual intercourse with a person "[w]ho is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless." N.C. Gen. Stat. § 27.3 (2011). Nonetheless, second degree rape is undoubtedly a lesser included offense of first degree rape. Since the *Ridgeway* Court concluded that separate punishments for the offenses of statutory rape and first degree rape are prohibited by the legislative intent of the General Assembly, we are similarly compelled to conclude that separate pun-

ishments for statutory rape and second degree rape, a lesser included offense of first degree rape, are also prohibited by legislative intent. Consequently, defendant should not have been sentenced for both statutory rape and second degree rape after he was convicted of these offenses. On remand, the trial court must arrest judgment on either defendant's statutory rape conviction or his second degree rape conviction. *See Ridgeway*, 185 N.C. App. at 435, 648 S.E.2d at 895.

### C. Ineffective Assistance

This Court released its opinion in *Ridgeway* approximately three months prior to defendant's trial and the entry of judgment in the instant case. The logical implication of *Ridgeway* was that defendant could not have been properly punished for both statutory rape and second degree rape based upon a single act of sexual intercourse. Thus, an objectively reasonable attorney would have raised an objection to defendant's judgment and sentence. Moreover, since the consecutive judgments imposed against defendant were impermissible, defendant was clearly prejudiced by his counsel's failure to raise the issue before the trial court. Accordingly, we conclude that defendant received ineffective assistance of counsel and is entitled to relief. *See Allen*, 360 N.C. at 316, 626 S.E.2d at 286.

### IV. Conclusion

In light of this Court's opinion in *Ridgeway*, defendant was improperly sentenced for his convictions for both statutory rape and second degree rape because the General Assembly did not intend to subject a defendant to separate punishments for these offenses based upon a single act of sexual intercourse. The *Ridgeway* decision was published several months prior to defendant's trial. Therefore, defendant received ineffective assistance from his trial counsel because counsel failed to raise the issue before the trial court. As a result, we reverse the trial court's order denying defendant's MAR, and remand the case to the trial court to take appropriate action consistent with this opinion.

Reversed and remanded.

Judges HUNTER, Robert C. and HUNTER, JR., Robert N. concur.