IN THE SUPREME COURT OF NORTH CAROLINA

No. 90PA13

Filed 19 December 2014

STATE OF NORTH CAROLINA

v.

EDY CHARLES BANKS, JR.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, ___ N.C. App. ___, 736 S.E.2d 843 (2013), reversing and remanding an order denying defendant's motion for appropriate relief entered on 5 December 2011 by Judge Anna Mills Wagoner in Superior Court, Rowan County. Heard in the Supreme Court on 17 February 2014.

*Roy Cooper, Attorney General, by Amy Kunstling Irene, Assistant Attorney General, for the State-appellant.*

*Allison Standard for defendant-appellee.*

BEASLEY, Justice.

Petitioner Edy Charles Banks, Jr., in his motion for appropriate relief (MAR), claims that he received ineffective assistance of counsel (IAC) when his trial counsel failed to object on double jeopardy grounds to his being sentenced by the trial court for both statutory rape and second-degree rape when the convictions were predicated on a single act of sexual intercourse with the victim. We conclude that defendant was properly convicted of both statutory rape and second-degree rape

committed during a single act of sexual intercourse and that separate punishments for each offense are appropriate. Consequently, defendant could not have been prejudiced by ineffective assistance of counsel when a double jeopardy argument would have been unsuccessful at trial. We, therefore, reverse the decision of the Court of Appeals.

In 2007 Banks was convicted of statutory rape of a fifteen-year-old child, second-degree rape of a mentally disabled person, and taking indecent liberties with a child. The evidence presented in support of these convictions tended to show that on 4 May 2005, Banks engaged in a single act of vaginal intercourse with J.L., a juvenile who suffers from various mental disorders and is mildly to moderately mentally disabled. At the time of the incident, Banks was twenty-nine years old and J.L. was fifteen years old. The trial court sentenced Banks to a presumptive-range term of 240 to 297 months of imprisonment for the statutory rape conviction. The trial court consolidated the second-degree rape and indecent liberties convictions into one judgment and sentenced Banks to a consecutive, presumptive-range term of 73 to 97 months of imprisonment. Banks's convictions were subsequently upheld on direct appeal. *See State v. Banks*, 201 N.C. App. 591, 689 S.E.2d 245, 2009 WL 4931757 (unpublished).

On 2 September 2011, Banks filed an MAR in Superior Court, Rowan County, asserting that his

> convictions of statutory rape and second degree rape for the same act violate the protection against double jeopardy in the Fifth Amendment to the United States Constitution and the North Carolina Constitution's law of the land provision in Article 1, Section 19. Trial counsel's failure to raise this claim at trial constitutes ineffective assistance of counsel in violation of the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution and the North Carolina Constitution, Article 1, Sections 19 and 23.

The trial court, without conducting an evidentiary hearing on Banks's IAC claim, entered an order on 5 December 2011 denying Banks's MAR. The court applied the test established in *Blockburger v. United States*, 284 U.S. 299, 304, 52 S. Ct. 180, 182, 76 L. Ed. 306, 309 (1932). The test, established as a means to identify " 'congressional intent to impose separate sanctions for . . . offenses arising in the course of a single act or transaction,' " *Albernaz v. United States*, 450 U.S. 333, 337, 101 S. Ct. 1137, 1141, 67 L. Ed. 2d 275, 281 (1981) (citations omitted), requires the trial court to consider "whether each provision requires proof of a fact which the other does not," *Blockburger*, 284 U.S. at 304, 52 S. Ct. at 182, 76 L. Ed. at 309 (citations omitted). Applying this test, the trial court determined that statutory rape and second-degree rape "constitute separate and distinct crimes" and that "there is no clear legislative intent to prohibit multiple convictions for the same conduct in the [applicable criminal] statutes." Accordingly, the trial court found that "[Banks]'s rights against double jeopardy were not violated" and thus, "trial counsel was not ineffective in failing to raise the claim."

Banks petitioned the Court of Appeals for a writ of certiorari to review the trial court's denial of his MAR. The Court of Appeals allowed Banks's petition, reversed the trial court's order, and remanded for further proceedings consistent with its opinion. *State v. Banks*, ___ N.C. App. ___, ___, ___, 736 S.E.2d 843, 845, 847 (2013). In its opinion the Court of Appeals held that the General Assembly did not intend for Banks to be punished separately for both statutory rape and second-degree rape based upon a single act of sexual intercourse, and thus Banks had been improperly sentenced. *Id*. at ___, 736 S.E.2d at 847. The Court of Appeals based its holding exclusively upon its prior decision in *State v. Ridgeway*, 185 N.C. App. 423, 648 S.E.2d 886 (2007), in which the court concluded that the General Assembly did not intend cumulative punishment for statutory rape and sexual offense when the convictions were based on a single act. *Id*. at 434-35, 648 S.E.2d at 894-95.

The State petitioned this Court for discretionary review, which we allowed on 27 August 2013. The State contends that the Court of Appeals erred in holding that Banks received ineffective assistance of counsel because of trial counsel's failure to argue that Banks could not, consistent with double jeopardy principles, be sentenced for both statutory rape and second-degree rape when the convictions stemmed from a single act of sexual intercourse with the same victim. To prevail on an IAC claim, the defendant must satisfy a two-part test. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed. 2d 674, 693 (1984).

First, the defendant must show that counsel's

-4-

performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* The United States Supreme Court has explained, however, that a reviewing court need not "address both components of the inquiry if the defendant makes an insufficient showing on one. . . . If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, . . . that course should be followed." 466 U.S. at 697, 104 S. Ct. at 2069, 80 L. Ed. 2d at 699. Because we conclude that Banks was not prejudiced by trial counsel's failure to raise the double jeopardy argument, we need not determine whether counsel's performance was deficient.

The State argues that Banks was not prejudiced by counsel's failure to raise the argument that defendant could not be punished for both second-degree rape and statutory rape because any such argument would have been unsuccessful. We agree.

Where multiple punishment [in a single prosecution] is involved, the Double Jeopardy Clause acts as a restraint on the prosecutor and the courts, not the legislature. The Double Jeopardy Clauses of both the United States and North Carolina Constitutions prohibit a court from imposing more punishment than that intended by the legislature. "[T]he question whether punishments imposed by a court after a defendant's conviction upon criminal charges are unconstitutionally multiple cannot be resolved without determining what

punishments the Legislative Branch has authorized."
*State v. Gardner*, 315 N.C. 444, 452-53, 340 S.E.2d 701, 707-08 (1986) (second alteration in original) (citations omitted). Therefore, the issue here is whether the General Assembly intended a single act of sexual intercourse to support punishments for both statutory rape and second-degree rape when the elements of both offenses are satisfied.

We first note that the reasoning underlying *Ridgeway*, the case on which the Court of Appeals largely relied, is inapplicable. In *Ridgeway* the issue was whether the trial court properly allowed the jury to consider both first-degree rape and statutory sexual offense as grounds for convicting the defendant. 185 N.C. App. at 433-35, 648 S.E.2d at 894-95. The Court of Appeals concluded that while submitting both charges to the jury was proper, "judgment must be arrested on one count of first degree rape and on one count of first degree sexual offense," *id.* at 434, 648 S.E.2d at 894, because "the legislative intent was to provide alternate methods by which the State can prove the crimes of rape or sexual offense," *id.* at 435, 648 S.E.2d at 894. The court noted that the 1995 statute criminalizing statutory rape or statutory sexual offenses involving a thirteen-, fourteen-, or fifteen-year-old extended the age requirement in "the original statutes for rape and sexual offense" that criminalized sexual intercourse with a child under thirteen years of age. *Id.* at 435, 648 S.E.2d at 894-95. Here, by contrast, we do not have any legislative history indicating an intent by the legislature that the two offenses in question were to be

"alternate methods" by which the State could prove the offenses. As such, *Ridgeway* does not inform our present inquiry.

To begin our analysis, we first examine whether double jeopardy principles have been violated by determining whether the "two crimes are considered identical." *State v. Etheridge*, 319 N.C. 34, 50, 352 S.E.2d 673, 683 (1987). This Court has used the test set out in *Blockburger* to determine whether two crimes should be considered identical. *See generally State v. Sparks*, 362 N.C. 181, 657 S.E.2d 655 (2008); *State v. Fernandez*, 346 N.C. 1, 484 S.E.2d 350 (1997); *State v. Pipkins*, 337 N.C. 431, 446 S.E.2d 360 (1994). This test provides that " '[a] single act may be an offense against two statutes; and if each statute requires proof of an additional fact which the other does not, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other.' " *Blockburger,* 284 U.S. at 304, 52 S. Ct. at 182, 76 L. Ed. at 309 (citations omitted). We have held that "the fact that each crime for which a defendant is convicted in one trial requires proof of an element the other does not demonstrates the legislature's intent that the defendant may be punished for both crimes." *State v. Swann*, 322 N.C. 666, 677, 370 S.E.2d 533, 539 (1988) (citing *Etheridge*, 319 N.C. 34, 352 S.E.2d 673). Thus, legislative intent determines whether multiple punishments may be supported by one act [of sexual intercourse]. *Gardner,* 315 N.C. at 455, 340 S.E.2d at 709 (explaining that the presumption raised by the *Blockburger* test "may be rebutted by a clear indication of legislative intent").

The legislative intent of the statutes defining the offenses in question can be extrapolated from the provisions of each statute. *State v. Davis*, 364 N.C. 297, 302, 698 S.E.2d 65, 68 (2010) ("When a statute is unambiguous, this Court will give effect to the plain meaning of the words without resorting to judicial construction. [C]ourts must give [an unambiguous] statute its plain and definite meaning, and are without power to interpolate, or superimpose, provisions and limitations not contained therein." (alterations in original) (internal quotation marks omitted) (quoting *State v. Byrd*, 363 N.C. 214, 219, 675 S.E.2d 323, 325 (2009); *State v. Green*, 348 N.C. 588, 596, 502 S.E.2d 819, 824 (1998), *cert. denied*, 525 U.S. 1111, 119 S. Ct. 883, 142 L. Ed. 2d 783 (1999))).

The second-degree rape statute provides in pertinent part that

> (a) A person is guilty of rape in the second degree if the person engages in vaginal intercourse with another person:
>> (1) By force and against the will of the other person; or
>> (2) Who is mentally disabled, mentally incapacitated, or physically helpless, and the person performing the act knows or should reasonably know the other person is mentally disabled, mentally incapacitated, or physically helpless.
>
> (b) Any person who commits the offense defined in this section is guilty of a Class C felony.

N.C.G.S. § 14-27.3(a)(1)-(2) (2013).

The General Assembly has defined statutory rape as follows:

> (a) A defendant is guilty of a Class B1 felony if the defendant engages in vaginal intercourse or a sexual act with another person who is 13, 14, or 15 years old and the defendant is at least six years older than the person, except when the defendant is lawfully married to the person.

*Id.* § 14-27.7A (2013).

As the language of N.C.G.S. § 14-27.7A indicates, an element of the offense of statutory rape is the age of the minor victim, " 'under which it should be presumed . . . that consent [cannot] be given.' " *State v. Anthony*, 351 N.C. 611, 615, 528 S.E.2d 321, 323 (2000) (citation and emphasis omitted). Moreover, the age of the defendant, "or more specifically the difference in age between the defendant and the victim, [is] an essential element" of statutory rape. *Id.* at 617, 538 S.E.2d at 324. Second-degree rape, however, involves the act of intercourse with a victim who is mentally disabled or incapacitated. N.C.G.S. § 14-27.3. The terms "mentally disabled" and "mentally incapacitated" have been defined by statute as:

> (1) "Mentally disabled" means (i) a victim who suffers from mental retardation, or (ii) a victim who suffers from a mental disorder, either of which temporarily or permanently renders the victim substantially incapable of appraising the nature of his or her conduct, or of resisting the act of vaginal intercourse or a sexual act, or of communicating unwillingness to submit to the act of vaginal intercourse or a sexual act.
> (2) "Mentally incapacitated" means a victim who due to any act committed upon the victim is rendered substantially incapable of either appraising the nature of his or her conduct, or resisting the act of vaginal intercourse or a sexual act.

*Id.* § 27.1(1), (2) (2013).

Here Banks was convicted and sentenced for both (1) statutory rape of a person who is thirteen, fourteen, or fifteen years old by a defendant who is at least six years older than the victim and (2) second-degree rape. Although based on the same act of sexual intercourse, the two offenses committed by Banks are separate and distinct under the *Blockburger* test, each requiring proof of an element where the other offense does not. Statutory rape involves an age component under which consent legally cannot be given absent marriage. N.C.G.S. § 14-27.7A; *Anthony*, 351 N.C. at 616, 528 S.E.2d at 323 (explaining that "[t]he purpose of the statutory rape law is to protect children under a certain age from sexual acts." (citation omitted)). This age component is an essential element of the crime. *Id.* at 617, 528 S.E.2d at 324. In contrast, second-degree rape involves the act of intercourse with a victim who suffers from a mental disability or mental incapacity. N.C.G.S. § 14-27.3. Based on the separate and distinct elements that must be proved, neither of these two criminal offenses is a lesser included offense of the other. Thus, double jeopardy principles have not been violated. *See generally Gardner*, 315 N.C. at 463, 340 S.E.2d at 714 (holding "that a defendant may be tried for, convicted of, and punished separately for the crime of breaking or entering and the crime of felony larceny" arising from one act or occurrence).

Given the elements of second-degree rape and statutory rape, it is clear that

the legislature intended to separately punish the act of intercourse with a victim who, because of her age, is unable to consent to the act, and the act of intercourse with a victim who, because of a mental disability or mental incapacity, is unable to consent to the act. *See Albernaz*, 450 U.S. at 339, 343, 101 S. Ct. at 1142, 1144, 67 L. Ed. 2d at 281-82, 284 (explaining that Congress intended to impose multiple punishments for two statutes directed at separate evils and thus punishment for both offenses does not exceed legislative authority).

Because it is the General Assembly's intent for defendants to be separately punished for a violation of the second-degree rape and statutory rape statutes arising from a single act of sexual intercourse when the elements of each offense are satisfied, defendant's argument that he was prejudiced by counsel's failure to raise the argument of double jeopardy would fail. We therefore conclude that defendant was not prejudiced.

For the reasons stated above, the decision of the Court of Appeals is reversed.

REVERSED.

Justices JACKSON and HUNTER did not participate in the consideration or decision of this case.