COLLINS, Judge.
 

 *519
 
 Defendant appeals from judgment entered upon jury verdicts finding him guilty of possession of a firearm by a felon and misdemeanor
 
 *520
 
 possession of marijuana, following a jury trial on 5 July 2018. Defendant contends that the trial court erred by (1) rejecting Defendant's trial counsel's attempt to stipulate to the fact that Defendant was a convicted felon and (2) allowing the State to introduce evidence of Defendant's prior felony conviction, which showed evidence of Defendant's prior misdemeanor convictions. Finding no error, we affirm.
 

 I. Background
 

 On 10 March 2017, Defendant crashed his vehicle into the front yard of a residence in Charlotte. Law enforcement officers arrived on the scene within minutes in response to a call describing the scene and informing dispatch that the driver of the vehicle had placed something inside a trash can next to the crashed vehicle.
 

 Upon arrival, Defendant told the officers that he had lost control while driving. The officers received consent from the owner of the residence to search her trash cans, and found a half-empty bottle of alcohol and a firearm therein. The owner of the residence said that neither item belonged to her. One of the officers ran Defendant's information through the police database and learned that Defendant was a convicted felon, and arrested Defendant for possession of a firearm by a felon. After being placed under arrest, Defendant admitted to the officers that the firearm belonged to him and that he had placed it in the trash can.
 

 The officers took Defendant to the police station and placed him in an interview room, which was monitored with audio and visual recording equipment. Once alone in the interview room, Defendant reached into his groin area, and the officers watched as he removed something from his person and placed it into his mouth. The officers reentered the interview room and demanded Defendant spit out what he had placed into his mouth. Defendant complied, and spit out three small plastic bags containing marijuana.
 

 On 12 June 2017, Defendant was indicted for possession of a firearm by a felon, a violation of
 
 N.C. Gen. Stat. § 14-415.1
 
 (2017), and misdemeanor possession of marijuana, a violation of
 
 N.C. Gen. Stat. § 90-95
 
 (d)(4) (2017). On 2 July 2018, Defendant pled not guilty to all charges, and trial commenced.
 

 Prior to the beginning of trial, the State and Defendant's trial counsel agreed to stipulate that Defendant had previously been convicted of a felony. Defendant's trial counsel conferred with Defendant and read him the proposed stipulation, and then told the trial court that Defendant did not wish to sign the stipulation. Defendant's trial counsel stated that
 
 *521
 
 he believed the stipulation to be in Defendant's best interest, and that he believed the decision of whether to stipulate was his to make, rather than Defendant's. Ultimately, the trial court rejected the proposed stipulation. The trial court noted that the State would be able to introduce the Judgment and Commitment form for Defendant's prior felony and misdemeanor convictions (the "Form") to prove Defendant's status as a convicted felon. The trial court also indicated that it might require certain portions of the Form to be redacted, and recommended that the parties confer about proposed redactions.
 
 *553
 
 The following day, the parties and the trial court again discussed the Form. Defendant objected to the admission of the Form because it reflected Defendant's prior convictions for two misdemeanors, which Defendant argued would be prejudicial to him. The trial court conducted a balancing analysis under N.C. Gen. Stat. § 8C-1, Rule 403 (2018), and ruled that the evidence of the misdemeanors was not "overly prejudicial." Defendant did not specifically object to the evidence of the two prior misdemeanors, nor move the trial court to redact the evidence of the misdemeanors from the Form. The only content Defendant asked the trial court to redact was the "sentence imposed" on the Form for the felony and misdemeanor convictions combined, which the trial court declined to do because it found the sentence not "overly prejudicial." Defendant did not object further to the Form. The trial court thus allowed the Form's admission, subject to the redaction of the offenses charged, the prior record level, and the prior record points, but not the evidence of the misdemeanor convictions altogether.
 

 At trial, the State called the Assistant Clerk of Superior Court of Mecklenburg County as a witness, who identified the Form. The redacted Form was shown to the jury, and the Assistant Clerk testified that it showed Defendant had been convicted of a felony and two misdemeanors. Defendant did not object to the Form's admission, or to the Assistant Clerk's testimony regarding the Form, when said evidence was offered at trial.
 

 On 5 July 2018, the jury convicted Defendant of both offenses charged, and the trial court entered judgment sentencing Defendant to 22-36 months' imprisonment. Defendant timely appealed.
 

 II. Appellate Jurisdiction
 

 This Court has jurisdiction to hear Defendant's appeal of the judgment under N.C. Gen. Stat. § 7A-27(b)(1) (2018).
 

 *522
 

 III. Analysis
 

 Defendant contends that the trial court erred by (1) rejecting Defendant's trial counsel's attempt to stipulate to the fact that Defendant was a convicted felon and (2) allowing the State to introduce evidence of Defendant's prior felony conviction, which showed evidence of Defendant's prior misdemeanor convictions. We address each argument in turn.
 

 a. Stipulation
 

 Defendant first argues that the trial court erred by denying the stipulation proposed by the State and Defendant's trial counsel regarding Defendant's status as a convicted felon, a proposed stipulation that the record reflects Defendant refused to sign when asked. By rejecting the stipulation proposed by his trial counsel, Defendant argues, the trial court failed to heed Defendant's trial counsel's decision, and as a result, Defendant was deprived of his right to effective counsel guaranteed by the Sixth Amendment to the United States Constitution. Because the trial court deprived Defendant of his right to effective counsel, the argument continues, the trial court committed reversible error and Defendant's subsequent convictions must be set aside.
 

 Defendant's argument is premised upon the proposition that, where a defendant and his lawyer reach an impasse regarding a tactical decision to be made at trial-here, the decision of whether to require the State to prove that Defendant was a convicted felon, or to stipulate to that fact-it is the defendant's lawyer's desired tactical decision that controls, rather than the defendant's. This premise has been specifically rejected by our Supreme Court. In
 
 State v. Ali
 
 ,
 
 329 N.C. 394
 
 ,
 
 407 S.E.2d 183
 
 (1991), the Court held:
 

 While an attorney has implied authority to make stipulations and decisions in the management or prosecution of an action, such authority is usually limited to matters of procedure, and, in the absence of special authority, ordinarily a stipulation operating as a surrender of a substantial right of the client will not be upheld.... [W]hen counsel and a fully informed criminal defendant client reach an absolute impasse as to such tactical decisions, the client's wishes must control; this rule is in accord with the principal-agent nature of the attorney-client relationship. In such situations, however, defense counsel should
 
 *554
 
 make a record of the circumstances, her advice to
 
 *523
 
 the defendant, the reasons for the advice, the defendant's decision and the conclusion reached.
 

 Id.
 
 at 403-04,
 
 407 S.E.2d at 189
 
 (citation omitted).
 

 The record reflects the following: (1) the circumstances leading to the disagreement between Defendant and his trial counsel regarding the proposed stipulation; (2) that, in conference with Defendant, Defendant's trial counsel advised Defendant to sign the proposed stipulation; (3) that Defendant's trial counsel so advised Defendant because the Form that the State otherwise would almost certainly use to prove that Defendant was a convicted felon contained evidence which Defendant's trial counsel believed ran the risk of prejudicing Defendant, and Defendant's trial counsel thus believed stipulating was in Defendant's best interest; (4) that, after receiving his trial counsel's advice, Defendant refused to sign the proposed stipulation; (5) that Defendant's trial counsel petitioned the trial court to accept the proposed stipulation despite Defendant's unwillingness to stipulate (creating the "absolute impasse" contemplated by
 
 Ali
 
 ); and (6) the trial court rejected the proposed stipulation.
 

 Defendant argues that
 
 Ali
 
 is inapplicable here because he was not "fully informed" regarding the stipulation and because his "refusal to sign the stipulation should be seen as a refusal to participate in the trial process and a knee-jerk refusal of his counsel's recommendation" rather than the "absolute impasse" between a defendant and his trial counsel contemplated by
 
 Ali
 
 .
 

 Defendant's statement that he "refus[ed] his counsel's recommendation"-in "knee-jerk" fashion or otherwise-is a concession that Defendant understood his trial counsel's recommendation and that he could take it or leave it. If at that point Defendant did not feel adequately informed by his trial counsel to make the decision he faced, Defendant could have expressed a lack of understanding to his trial counsel or to the trial court and sought further explanation. The record nowhere reflects that Defendant had such a lack of understanding regarding the stipulation, that he asked his trial counsel or the trial court for more information, or that he took any other steps to inform himself. To the contrary, the record reflects that Defendant specifically told his trial counsel that he did not want to sign the stipulation. It is Defendant's burden to demonstrate to this Court that his trial counsel was ineffective and prejudiced his case,
 
 State v. Banks
 
 ,
 
 367 N.C. 652
 
 , 655,
 
 766 S.E.2d 334
 
 , 337 (2014), and without supporting evidence in the record, we cannot conclude that Defendant was not "fully informed" within the meaning of
 
 Ali
 
 .
 

 *524
 
 Defendant's argument that his refusal to sign the stipulation was a "refusal to participate in the trial process" rather than an impasse with his trial counsel is unavailing. Defendant was faced with a choice: to heed his counsel's recommendation to sign the stipulation, or to reject his counsel's recommendation and refuse to sign the stipulation. Defendant chose the latter course, and because Defendant's trial counsel maintained his insistence upon the former, an impasse was created within the meaning of
 
 Ali
 
 , which controls our analysis.
 

 Because we hold that Defendant's decision not to stipulate was controlling under
 
 Ali
 
 , the trial court was required to abide by Defendant's wishes and reject the stipulation.
 
 State v. Freeman
 
 ,
 
 202 N.C. App. 740
 
 , 746,
 
 690 S.E.2d 17
 
 , 22 (2010) ("It was error for the trial court to allow counsel's decision to control when an absolute impasse was reached on this tactical decision, and the matter had been brought to the trial court's attention."). We accordingly conclude that the trial court did not violate Defendant's Sixth-Amendment right to effective counsel or otherwise err by rejecting the proposed stipulation sought by Defendant's trial counsel.
 

 b. Misdemeanors
 

 Defendant also argues that by allowing the State to introduce the Form
 
 [1]
 
 as evidence of
 
 *555
 
 Defendant's prior felony conviction, when the Form also contained evidence of Defendant's prior misdemeanor convictions, the trial court erred by admitting irrelevant evidence that unfairly prejudiced Defendant.
 

 The record reflects that Defendant objected to the Form's admission on the day of the trial on the grounds of prejudice, during a colloquy with the trial court and the State that took place outside of the presence of the jury and before the Form was offered into evidence, and that Defendant's objection was overruled at that time. The record does not reflect that Defendant (1) objected during the colloquy to the Form's
 
 *525
 
 admission on relevance grounds, or (2) objected to the Form's admission on any ground when it was actually offered into evidence.
 

 Where a defendant objects to evidence at trial outside of the presence of the jury, but fails to object when the evidence is actually admitted, the issue of the evidence's admissibility is not preserved for appellate review.
 
 See
 

 State v. Oglesby
 
 ,
 
 361 N.C. 550
 
 , 554,
 
 648 S.E.2d 819
 
 , 821 (2007) ("a trial court's evidentiary ruling on a pre-trial motion is
 
 not
 
 sufficient to preserve the issue of admissibility for appeal unless a defendant renews the objection during trial");
 
 State v. Conaway
 
 ,
 
 339 N.C. 487
 
 , 521,
 
 453 S.E.2d 824
 
 , 845 (1995) ("A motion
 
 in limine
 
 is insufficient to preserve for appeal the question of the admissibility of evidence if the defendant fails to further object to that evidence at the time it is offered at trial."). Since Defendant failed to object to the Form when it was offered into evidence, the issue of the Form's admissibility was not preserved.
 

 We may review unpreserved evidentiary errors in criminal cases for plain error.
 
 State v. Maddux
 
 ,
 
 371 N.C. 558
 
 , 564,
 
 819 S.E.2d 367
 
 , 371 (2018). Under plain error review, a defendant "must convince this Court not only that there was error, but that absent the error, the jury probably would have reached a different result."
 

 Id.
 

 at 563
 
 ,
 
 819 S.E.2d at 370
 
 (citation omitted). However, a defendant must "specifically and distinctly" contend on appeal that the error amounted to plain error. N.C. R. App. P. 10(a)(4) (2018). As the State argues, Defendant does not contend that the trial court committed plain error, but merely states that Defendant was prejudiced by the trial court's purported error. By failing to "specifically and distinctly" argue that the purported error amounted to plain error, Defendant has waived plain error review.
 
 State v. Frye
 
 ,
 
 341 N.C. 470
 
 , 496,
 
 461 S.E.2d 664
 
 , 677 (1995) (holding defendant "waived appellate review of [unpreserved] arguments by failing specifically and distinctly to argue plain error").
 

 Finally, Defendant asks us to suspend the requirements of Appellate Rule 10 and consider the merits of his unpreserved objection to "prevent manifest injustice to a party[.]" N.C. R. App. P. 2 (2018). But because the record shows that Defendant was able but refused to stipulate that he was a convicted felon, and by so doing effectively required the State to prove its case by publishing the Form (and potentially the evidence of his prior misdemeanor convictions reflected thereupon) to the jury, we discern no manifest injustice to prevent.
 
 See
 
 N.C. Gen. Stat. § 15A-1443(c) (2018) ("A defendant is not prejudiced by the granting of relief which he has sought or by error resulting from his own conduct.");
 
 State v. Eason
 
 ,
 
 336 N.C. 730
 
 , 741,
 
 445 S.E.2d 917
 
 , 924 (1994) ("When a party invites a
 
 *526
 
 course of action, he is estopped from later arguing that it was error."). We therefore decline to invoke Appellate Rule 2.
 

 IV. Conclusion
 

 Because Defendant refused to sign the proposed stipulation regarding his status as a convicted felon, the trial court did not err in rejecting the proposed stipulation. Defendant's failure to object to the admission of the Form when it was offered into evidence
 
 *556
 
 at trial means that his objection is unpreserved, and Defendant's failure to argue that the trial court's admission of the Form had a probable impact upon the jury's decision to convict him constitutes a waiver of plain error review. We accordingly find no error.
 

 NO ERROR.
 

 Judges BRYANT and STROUD concur.
 

 [1]
 

 In his arguments, Defendant fails to acknowledge that he objected only to the admission of the Form
 
 as a whole
 
 during his preliminary colloquy with the trial court and the State. Defendant never specifically objected to those portions of the Form reflecting the misdemeanor convictions, or asked the trial court to redact those portions. Defendant's argument on appeal that "the misdemeanor convictions should have been redacted" because "[t]rial counsel for [Defendant] objected to the inclusion of the misdemeanor convictions and requested that they be redacted from the form" fails both for (1) Defendant's failure to cite to any authority setting forth a duty to redact prejudicial evidence from relevant documents admitted and (2) the fact that the record does not reflect that Defendant's trial counsel made the objection that Defendant suggests.