CLIFTON ALEXANDER DILDY v. SOUTHEASTERN FIRE INSURANCE COMPANY

No. 711SC623

(Filed 15 December 1971)

1. **Rules of Civil Procedure § 19— joinder of necessary party**

   Summary judgment is not a proper remedy for failure to join a necessary party. G.S. 1A-1, Rule 12.

2. **Insurance § 6— construction of insurance policy — strict construction against insurer**

   Since policies of insurance are prepared by the insurer, they are liberally construed in favor of the insured and strictly construed against the insurer.

3. **Insurance §§ 69, 105— automobile liability policy — joinder provision — applicability to nonresident uninsured motorist**

   The provision of an automobile liability policy which required the insured, in an action against the insurer, to join as a party defendant the person or organization allegedly responsible for the damage to the insured, *is held* void as against public policy in those cases where the party defendant is a nonresident uninsured motorist and not amenable to the jurisdiction of this State, since there exists the possibility that the insured might have to bring his action in a State in which the insurer is unlicensed and not amenable to process. G.S. 58-31.

4. **Insurance § 6— construction of policies — effect of statutes**

   Statutory provisions in effect at the time of the issuance of a policy become a part thereof, and policy provisions in conflict with the statute are void.

APPEAL by plaintiff from *Peel, Judge,* 17 May 1971 Session of GATES Superior Court.

This action was instituted by plaintiff to recover $25,000 for personal injuries sustained in an automobile collision in Virginia with two residents of that state who allegedly were uninsured motorists. Defendant is plaintiff's insurance carrier whose policy issued to plaintiff included a clause providing uninsured motorists coverage.

The policy also provided : " . . . (T)he liability of the company shall be determined only in an action against the company. In any action against the company, except in an action to determine whether an automobile is an uninsured automobile, the company may require the insured to join such person or organization (the person or organization allegedly causing or responsible for the injury or damage) as a party defendant."

Defendant filed answer in which is demanded that the two uninsured motorists be joined as parties defendant; defendant also alleged no negligence on the part of the uninsureds and contributory negligence on the part of plaintiff. When plaintiff after about eleven months failed to make the uninsured motorists parties, defendant moved for summary judgment under G.S. 1A-1, Rule 56 on the ground that there is no genuine issue as to any material fact and that defendant is entitled to such judgment as a matter of law. With the motion defendant's counsel submitted an affidavit which stated that both uninsured motorists reside in Virginia, the site of the collision, and that defendant is amenable to service of process there. The trial court granted summary judgment for defendant from which plaintiff appealed.

*LeRoy, Wells, Shaw, Hornthal & Riley by L. P. Hornthal, Jr., for defendant appellee.*

*Jones, Jones & Jones and L. Bennett Gram, Jr., for plaintiff appellant.*

BRITT, Judge.

[1]   We hold that the trial court erred in granting summary judgment in favor of defendant. Assuming, arguendo, that defendant was entitled to joinder, it would appear that a motion to dismiss for failure to join a necessary party would be proper, particularly if the dismissal is without prejudice or is with leave to amend or is with leave to make additional parties. See:

*Plemmons v. Cutshall,* 230 N.C. 595, 55 S.E. 2d 74 (1949); G.S. 1A-1, Rule 12; *Capital Fire Ins. Co. of California v. Langhorne,* 146 F. 2d 237 (8th Cir. 1945); *Keene v. Hale Halsell Co.,* 118 F. 2d 332 (5th Cir. 1941); and *Charne v. Essex Chair Co., et al.,* 92 F. Supp. 164 (1950). However, summary judgment is not a proper remedy for failure to join a necessary party.

We think the basic legal question involved in this appeal— the legality of the joinder proviso of the policy quoted above— dictates that we consider more than the question of procedure presented.

[2] Since policies of insurance are prepared by the insurer, they are liberally construed in favor of the insured, and strictly construed against the insurer. *White v. Mote,* 270 N.C. 544, 155 S.E. 2d 75 (1967). "Uninsured motorists coverage 'is designed to further close the gaps inherent in motor vehicle financial responsibility and compulsory insurance legislation.' 7 Am. Jur. 2d, Automobile Insurance § 135, p. 460. It 'is intended, within fixed limits, to provide financial recompense to innocent persons who receive injuries, and the dependents of those who are killed, through the wrongful conduct of motorists who, because they are uninsured and not financially responsible, cannot be made to respond in damages.' Annotation: 79 A.L.R. 2d 1252, 1252-53." *Buck v. Guaranty Co.,* 265 N.C. 285, 288, 144 S.E. 2d 34, 36 (1965).

In *Buck,* the court also said: "Well-established legal principles include the following: (1) The 'primary rule of construction of statutes is to ascertain and declare the intention of the legislature, and carry such intention into effect to the fullest degree.' 50 Am. Jur., Statutes § 223. (2) 'An insurance contract or policy should be liberally construed to accomplish the purpose or object for which it is made.' 44 C.J.S., Insurance § 297(a)."

[3] At times pertinent to this appeal, G.S. 20-279.21(b)(3) as stated in Sec. 1, Ch. 640 of the 1961 Session Laws provided in relevant part as follows:

"No policy of bodily injury liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle, shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in limits for

bodily injury or death set forth in Subsection (c) of para-
graph 20-279.5, under provisions filed with and approved
by the Insurance Commissioner, for the protection of per-
sons insured thereunder who are legally entitled to recover
damages from owners or operators of uninsured motor
vehicles and hit-and-run motor vehicles because of bodily
injury, sickness or disease, including death, resulting there-
from."

It appears from the quoted statute that the General Assem-
bly clearly intended that automobile liability insurance policies
delivered or issued for delivery in this State and covering motor
vehicles registered or principally garaged in this State will pro-
vide protection, within certain limits, to insureds who are legally
entitled to recover damages for bodily injury from owners or
operators of uninsured motor vehicles. It is noted that the statute
does not restrict the coverage to injury or damage occurring in
this State.

[4] It is settled law that statutory provisions in effect at the
time of the issuance of a policy become a part thereof, and
policy provisions in conflict with the statute are void. *Wright
v. Casualty Co.*, 270 N.C. 577, 155 S.E. 2d 100 (1967). G.S.
58-31 states in part that "(n)o company or order, domestic or
foreign, authorized to do business in this State under this
chapter, may make any condition or stipulation in its insurance
contracts concerning the court or jurisdiction wherein any suit
or action thereon may be brought, . . . . "

[3] In the case at bar, the joinder provision in the policy issued
by defendant to plaintiff has the practical effect of depriving
the North Carolina courts of jurisdiction and making Virginia
the proper forum. Needless to say, it would be an exercise in
futility for the Superior Court of Gates County to enter an
order making the persons allegedly causing plaintiff's injuries
parties to the action when they could not be effectively served
with process. The record indicates that defendant is authorized
to do business in Virginia and if plaintiff filed his action in
that state, service of process could be obtained on all parties.
Conceding this to be true, how would defendant's policyholders
enforce their uninsured motorists coverage on accidents occur-
ring in states in which defendant is not authorized to do busi-
ness and where defendant is not amenable to legal process?

Thus the question presented to this court is: Does the joinder proviso in the policy requiring in this instance joinder of uninsured motorists who are non-residents over whom the State has no personal jurisdiction negate the legislative intent in regard to closing gaps in motor vehicle financial responsibility and violate G.S. 58-31 by conditioning jurisdiction?

This is a question of first impression in North Carolina. The precedent in this jurisdiction which most nearly addresses itself to this subject is *Wright v. Casualty Co., supra,* in which the court declared void the provision of an uninsured motorist clause stipulating that upon failure of insurer and insured, or insured's legal representative, to agree as to the right of recovery, the matter should be settled by arbitration, for the reason that the proviso, in effect, ousts the jurisdiction of the courts and conflicts with the beneficent purposes of the uninsured motorist statute.

At least one other jurisdiction, however, has addressed itself directly to the question presented. In *Lawrence v. Continental Insurance Company,* 199 So. 2d 398 (La. App. 1967), the court held that a provision in a family automobile liability policy, issued in state of insured's residence, that insurer could require its insured making claim under uninsured motorist coverage to join uninsured motorist as party defendant was void where uninsured motorist was nonresident of state and state had no personal jurisdiction over him and accident occurred in another state. The clause was deemed void for violation of LSA-R.S. 22:—629 which pertinently provides:

"A. No insurance contract delivered or issued for delivery in this state and covering subjects located, resident, or to be performed in this state, shall contain any condition, stipulation, or agreement: . . .

"(2) Depriving the courts of this state of the jurisdiction of action against the insurer; . . .

"B. Any such condition, stipulation, or agreement in violation of this Section shall be void, but such voiding shall not affect the validity of the other provisions of the contract."

While the result in Louisiana was predicated on the rather precise language in the state's uninsured motorist statute, (North Carolina having a similar statute in G.S. 58-31) the

same result would seem equally justifiable in a jurisdiction without a comparable statutory pronouncement. To hold otherwise would allow the insurer to defeat the policy coverage or substantially hamper its enforcement by compelling the claimant to resort to a distant and possibly inaccessible forum." A. Widiss, A Guide to Uninsured Motorist Coverage, § 7.17, p. 273 (1969).

In the case at bar, the effect of the proviso under consideration is to compel plaintiff to seek a forum in another state, which would be burdensome and unjustified. If the uninsured motorists were residents of a state in which defendant was not licensed to do business or amenable to its process, defendant's policyholders could be completely deprived of their uninsured motorist's coverage. Consequently, we hold that the provision, as it relates to uninsured motorists who are non-residents of this State and not amenable to the process of its courts, is void as being repugnant to G.S. 58-31 and negating the expressed intent of the legislature in providing motor vehicle financial responsibility for the residents of this State.

The judgment appealed from is

Reversed.

Judges BROCK and VAUGHN concur.