NO. COA13-996

NORTH CAROLINA COURT OF APPEALS

Filed: 1 July 2014

STATE OF NORTH CAROLINA

    v.

COREY LAMONT MCCLAMB

Forsyth County
Nos. 10 CRS 23850, 60721-22
      11 CRS 26360

Appeal by Defendant from Judgments entered 11 February 2013 by Judge C. W. Bragg in Forsyth County Superior Court. Heard in the Court of Appeals 19 February 2014.

> *Attorney General Roy Cooper, by Assistant Attorney General Sherri Horner Lawrence, for the State.*
>
> *David L. Neal for Defendant.*

STEPHENS, Judge.

*Procedural History and Evidence*

On 11 July 2011, Defendant Corey Lamont McClamb was indicted on three counts of felony child abuse by sexual act under N.C. Gen. Stat. § 14-318.4(a2); three counts of indecent liberties with a child under N.C. Gen. Stat. § 14-202.1; one count of statutory rape or sexual offense of a person who is thirteen, fourteen, or fifteen years old when the perpetrator is

at least six years older than the victim under N.C. Gen. Stat. § 14-27.7A(a); and two counts of intercourse and sexual offense with a child under N.C. Gen. Stat. § 14-27.7(a). The first count of felony child abuse by sexual act was based on vaginal intercourse, the second count was based on cunnilingus, and the third count was based on fellatio. On 6 February 2012, Defendant was indicted under section 14-27.7A(a) on one additional count of statutory rape or sexual offense of a person who is thirteen, fourteen, or fifteen years old when the perpetrator is at least six years older than the victim and two counts of intercourse and sexual offense with a child under section 14-27.7(a). The case came on for trial on 4 February 2013. At trial, the State's relevant evidence tended to show the following:

"Jane,"[1] Defendant's biological daughter, began living with Defendant at his residence in Alabama when she was eight years old and Defendant was approximately thirty-three years old. While Jane was there, Defendant made her perform oral sex on him. According to Jane, this occurred four or five times a month. Additionally, Defendant once kissed Jane by putting his tongue in her mouth when she was "around [nine] or [ten]." When

---

[1] A pseudonym is used to protect the juvenile's identity.

Jane "turned [ten], [Defendant also] tried to put his penis in [Jane's] vagina, but it hurt, and he stopped."

When Jane was eleven or twelve, Defendant sent her to live with his great aunt in Georgia. At the end of the school year, Defendant retrieved Jane from Georgia and brought her back to his residence in Alabama. When Jane returned, Defendant made her perform oral sex on him roughly "four times a month." Approximately six months after arriving in Alabama, when Jane was "around . . . [thirteen]," Defendant sent Jane to Winston-Salem, North Carolina to live with his friend. About a year later, Defendant joined Jane in Winston-Salem, and they moved to a homeless shelter. Roughly six months after that, "around [June of 2009]," when Jane was fourteen years old, Defendant and Jane moved into an apartment in Winston-Salem.

Jane testified that "many times . . . at night [in the new Winston-Salem residence, Defendant] came into [her] room, and [Defendant] made [her] perform oral sex on [him]. [Defendant would also perform] oral sex on [her]." Defendant engaged in vaginal intercourse with Jane. This occurred for the first time when Jane was fourteen years old. Defendant came into Jane's bedroom, made her perform oral sex on him, performed oral sex on her, and "put his penis in [Jane's] vagina." Defendant would

force Jane to have vaginal intercourse with him "[s]ix times a month." The vaginal intercourse took place in Jane's bedroom, in Defendant's bedroom, and once in the living room. A forensics expert for the State testified that Defendant's semen was found on Jane's comforter. The sexual assault nurse examiner testified that Jane's vagina exhibited a tear, swelling, and redness that was consistent with Jane's testimony.

Defendant denied molesting or raping Jane. He testified that his semen was likely on Jane's comforter because Jane left it in the living room, where Defendant "probably used [it] one time" with one of his girlfriends.

At the close of all the evidence, Defendant moved to dismiss the charges against him, including the three counts of felony child abuse by sexual act. The trial court denied the motion. After closing arguments, the trial court instructed the jury on felonious child abuse by sexual act and defined sexual act to include vaginal intercourse. Following deliberations, the jury found Defendant guilty on eleven of the twelve charges and returned no verdict on one count of statutory rape. Except for the three charges of felony child abuse by a sexual act, the jury also found that Defendant abused a position of trust or confidence in the commission of these crimes. On 11 February

2013, Defendant was sentenced to three consecutive terms of 456 months to 557 months incarceration. Defendant gave notice of appeal in open court.

*Discussion*

The sole issue on appeal is whether the trial court erred in denying Defendant's motion to dismiss as it pertains to the single charge of felony child abuse by a sexual act based on vaginal intercourse. Defendant argues that the court erred because he could not "legally be convicted" of the charge under the trial court's definition of sexual act. We disagree.

"In a criminal case, a defendant may not make insufficiency of the evidence to prove the crime charged the basis of an issue presented on appeal unless a motion to dismiss the action . . . is made at trial." N.C.R. App. P. 10(a)(3). "This Court reviews the trial court's denial of a motion to dismiss *de novo*." *State v. Smith*, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007).

> Upon [the] defendant's motion for dismissal, the question for the [appellate c]ourt is whether there is substantial evidence (1) of each essential element of the offense charged, or of a lesser offense included therein, and (2) of [the] defendant's being the perpetrator of such offense. If so, the motion is properly denied.

*State v. Fritsch*, 351 N.C. 373, 378, 526 S.E.2d 451, 455 (citation omitted), *cert. denied*, 531 U.S. 890, 148 L. Ed. 2d

150 (2000). "In making its determination, the trial court must consider all evidence admitted, whether competent or incompetent, in the light most favorable to the State, giving the State the benefit of every reasonable inference and resolving any contradictions in its favor." *State v. Rose*, 339 N.C. 172, 192, 451 S.E.2d 211, 223 (1994), *cert. denied*, 515 U.S. 1135, 132 L. Ed. 2d 818 (1995).

Defendant argues that the trial court erred in denying his motion to dismiss because the term "sexual act" does not include vaginal intercourse under N.C. Gen. Stat. § 14-318.4(a2). Specifically, Defendant asserts that we are bound by our determination in *State v. Stokes*, 216 N.C. App. 529, 532, 718 S.E.2d 174, 176-77 (2011), that the definition of sexual act in Article 7A, section 14-27.1(4), which explicitly excludes vaginal intercourse as a sexual act, "control[s] in the felony child abuse by sexual act cases [under Article 39]." We disagree.

The relevant statutory provisions are as follows:

ARTICLE 7A. RAPE AND OTHER SEX OFFENSES

§ 14-27.1. Definitions.

As used in this Article, unless the context requires otherwise:

. . . .

(4) "Sexual act" means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse.

. . . .

§ 14-27.2. First-degree rape.

(a) A person is guilty of rape in the first degree if the person engages in vaginal intercourse:

> (1) With a victim who is a child under the age of [thirteen] years and the defendant is at least [twelve] years old and is at least four years older than the victim; or

> (2) With another person by force and against the will of the other person, and:

>> a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

>> b. Inflicts serious personal injury upon the victim or another person; or

>> c. The person commits the offense aided and abetted by one or more other persons.

. . . .

§ 14-27.4. First-degree sexual offense.

(a) A person is guilty of a sexual offense in the first degree if the person engages in a sexual act:

(1) With a victim who is a child under the age of [thirteen] years and the defendant is at least [twelve] years old and is at least four years older than the victim; or

(2) With another person by force and against the will of the other person, and:

a. Employs or displays a dangerous or deadly weapon or an article which the other person reasonably believes to be a dangerous or deadly weapon; or

b. Inflicts serious personal injury upon the victim or another person; or

c. The person commits the offense aided and abetted by one or more other persons.

. . . .

ARTICLE 39. PROTECTION OF MINORS.

. . . .

§ 14-318.4. Child abuse a felony.

. . . .

(a2) Any parent or legal guardian of a child less than [sixteen] years of age who commits or allows the commission of any sexual act upon the child is guilty of a Class D felony.

N.C. Gen. Stat. §§ 14-27.1(4), -27.2(a), -27.4(a), -318.4(a2) (2013).

In response to Defendant's argument, the State asserts that vaginal intercourse is a part of the definition of "sexual act" for the purposes of section 14-318.4(a2) because our holding in *Stokes* "[does] not specifically address the issue of whether . . . the statutory definition of [']sexual act['] in [section] 14-27.1(4) applies to Article 39 offenses." To support its assertion, the State makes the following three arguments:

First, the "legislature clearly indicated that the definition of the term 'sexual act' under [section] 14-27.1(4) applies solely to offenses . . . within Article 7[A] by including the language, 'as used in this Article,' at the beginning of the statutory section defining terms for Article 7[A]." Second, incorporation of an Article 7A definition into Article 39 is contrary to legislative intent because the reason to distinguish sexual act from vaginal intercourse in Article 7A is "to distinguish rape from first and second degree sexual offense and other sexual offense references within Article 7[A]." As the State points out, "[t]he usage of the two terms indicates that the [General Assembly] intended such a distinction under Article 7[A] to reduce the possibility of confusion between vaginal intercourse for rape and a sexual act for a sexual offense." *See generally State v. Lucas*, 302 N.C.

342, 346, 275 S.E.2d 433, 436 (1981) ("The only sexual act excluded from the statutory definition [in Article 7A] relates to vaginal intercourse, a necessary omission because vaginal intercourse is an element of the crimes of first and second degree rape . . . ."). The State contends that while the need to distinguish between a "sexual act" and vaginal intercourse exists when punishing rape and other sexual offenses differently, the distinction is not necessary where one statute is designed to punish the sexual abuse of children in its entirety. Third, the State points to Article 27A's definition of "aggravated offense" to show the legislature's intention to include vaginal intercourse within the meaning of "sexual act" for non-Article 7A offenses. That definition provides that an aggravated offense includes "engaging in a sexual act involving vaginal, anal, or oral penetration." We fully agree with the State's position.

We conclude that our holding in *Stokes* is controlling with respect to the meaning of the term "sexual act" as used in section 14-318.4(a2) only in light of the narrow factual circumstances and legal issue raised therein. The defendant in *Stokes* was charged with violating section 14-318.4(a2) of Article 39. 216 N.C. App. at 532, 718 S.E.2d at 176-77. On

appeal, we addressed whether the State presented sufficient evidence that the defendant violated section 14-318.4(a2) when he digitally penetrated the victim's vagina. *Id.* Citing the Article 7A definition of "sexual act," which includes penetration by any object into the genital opening of another person's body, we concluded that digital vaginal penetration constitutes a sexual act. *See id.* We did not hold, however, that the Article 7A definition of sexual act applies to exclude vaginal intercourse as a sexual act under Article 39. That question simply was not present in *Stokes*.[2]

Article 7A prefaces its list of definitions by clarifying that such definitions are specific to Article 7A "unless context requires otherwise." N.C. Gen. Stat. § 14-27.1. In that article, a criminal "sexual act" is distinct from criminal "vaginal intercourse" because vaginal intercourse is separately addressed in the context of rape. No such distinction exists in Article 39. There is no separate provision involving vaginal intercourse and, thus, no need for any such distinction. Moreover, it would

---

[2] This Court's discussion in *State v. Lark*, 198 N.C. App. 82, 88–89, 678 S.E.2d 693, 698–99 (2009), is similarly limited to an analysis of fellatio as a sexual act under the Article 7A definition when applied to an Article 39 prosecution. *Lark* likewise does not address whether vaginal intercourse constitutes a sexual act under Article 39.

be absurd to conclude — as Defendant's interpretation of *Stokes* would have us do — that a parent or guardian who engaged in *anal* intercourse with a child less than 16 years old, for example, would be guilty of felony child abuse under section 14-318.4(a2) while a parent or guardian who engaged in *vaginal* intercourse would not be guilty. Therefore, we hold that the General Assembly intended the term "sexual act," as it is used in section 14-318.4(a2) of Article 39, to include vaginal intercourse. Accordingly, we find no error.

NO ERROR.

Judges BRYANT and DILLON concur.