IN THE SUPREME COURT OF NORTH CAROLINA

No. 288PA18

Filed 28 February 2020

STATE OF NORTH CAROLINA

v.

EDWARD M. ALONZO

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 819 S.E.2d 584 (N.C. Ct. App. 2018), affirming judgments entered on 11 January 2017 by Judge Gale M. Adams in Superior Court, Cumberland County. On 5 December 2018, the Supreme Court allowed both the State's petition for discretionary review and defendant's conditional petition for discretionary review as to an additional issue. Heard in the Supreme Court on 5 November 2019.

*Joshua H. Stein, Attorney General, by Anne M. Middleton, Special Deputy Attorney General, and Ellen A. Newby, Assistant Attorney General, for the State-appellant.*

*G. Glenn Gerding, Appellate Defender, by Daniel Shatz, Assistant Appellate Defendant, for defendant-appellee.*

HUDSON, Justice.

Here, we review the following issues: (1) whether the trial court erred in its instruction to the jury on the definition of "sexual act" under N.C.G.S. § 14-318.4(a2), which sets out the offense of felony child abuse by sexual act; and (2) whether the trial court's instruction on felony child abuse by sexual act amounted to plain error. We affirm the Court of Appeals decision upholding defendant's convictions. However,

we modify that decision because the trial court did not err by not instructing the jury on the definition of "sexual act" according to N.C.G.S. § 14-27.1(4).[1] Therefore, we need not—and do not—address the Court of Appeals' prejudice analysis under the plain error standard. Accordingly, the North Carolina Conference of Superior Court Judges Committee on Pattern Jury Instructions need not turn its attention to the definition of "sexual act" in N.C.G.S. § 14-318.4(a2) as it was instructed to do by the Court of Appeals.

Factual and Procedural Background

On 3 January 2017, the Cumberland County grand jury returned bills of indictment charging defendant with committing the following crimes against his daughter, Sandy[2]: (1) taking indecent liberties with a child in violation of N.C.G.S. § 14-202.1(a)(1)-(2); (2) felony child abuse by sexual act in violation of N.C.G.S. § 14-318.4(a2); and (3) first-degree statutory sexual offense.

At trial, the evidence showed that defendant engaged in a sustained pattern of sexually abusing Sandy while the family—which included Sandy's mother and Sandy's two siblings—lived in Fayetteville, North Carolina, during the years of 1990 to 1993.

---

[1] This statute was recodified in 2015 as N.C.G.S. § 14-27.20(4).
[2] The Court of Appeals used the pseudonym "Sandy" to refer to the victim in this case. *State v. Alonzo*, 819 S.E.2d 584, 586 (N.C. Ct. App. 2018). We will do the same.

Near the end of the trial, the trial court instructed the jury, in pertinent part, on the charge of felony child abuse by sexual act. At the time that defendant committed the underlying acts of sexual misconduct, the General Statutes provided that a defendant committed felony child abuse by sexual act when the defendant was "[a]ny parent or legal guardian of a child less than 16 years of age who commits or allows the commission of any *sexual act* upon a juvenile . . . ." N.C.G.S. § 14-318.4(a2) (1990) (emphasis added). In instructing the jury, the trial court defined "sexual act" as "an immoral, improper or indecent act by the defendant upon [Sandy] for the purpose of arousing, gratifying sexual desire."

On 11 January 2017, the jury found defendant (1) guilty of taking indecent liberties with a child; (2) guilty of felony child abuse by sexual act; but (3) not guilty of first-degree statutory sexual offense. Defendant appealed his convictions to the Court of Appeals.

At the Court of Appeals, defendant contended, in pertinent part, that the trial court committed plain error in defining "sexual act" and did not accurately define the phrase in the context of felony child abuse under N.C.G.S. § 14-318.4(a2). Specifically, defendant argued that prior decisions of the Court of Appeals recognized that N.C.G.S. § 14-27.1(4) provided the correct definition of "sexual act" for an offense under N.C.G.S. § 14-318.4(a2). N.C.G.S. § 14-27.1(4) provided that

> "Sexual act" means cunnilingus, fellatio, analingus, or anal intercourse, but does not include vaginal intercourse. Sexual act also means the penetration, however slight, by

> any object into the genital or anal opening of another person's body: provided, that it shall be an affirmative defense that the penetration was for accepted medical purposes.

N.C.G.S. § 14-27.1(4) (1990). Defendant further contended that the trial court's error in failing to instruct the jury according to the definition of "sexual act" under N.C.G.S. § 14-27.1(4) constituted plain error.

The Court of Appeals agreed with defendant that its prior case law recognized that N.C.G.S. § 14-27.1(4) provided the correct definition of "sexual act" for felony child abuse under N.C.G.S. § 14-318.4(a2). *State v. Alonzo*, 819 S.E.2d 584, 587 (N.C. Ct. App. 2018). The Court of Appeals noted that the trial court's definition of "sexual act" was one that "track[ed], almost precisely, the language of the North Carolina Pattern Jury Instruction, N.C.P.I.—Crim. 239.55B, the suggested instructions for the charge of felonious child abuse." *Id.* However, the Court of Appeals concluded that its prior decision in *State v. Lark* held that N.C.G.S. § 14-27.1(4) contained the proper definition of "sexual act" under N.C.G.S. § 14-318.4(a2). *Id.* (citing *State v. Lark*, 198 N.C. App. 82, 88, 678 S.E.2d 693, 698 (2009)). The Court of Appeals then reasoned that even though its later decision in *State v. McClamb* conflicted with *Lark* by failing to extend the definition of "sexual act" in N.C.G.S. § 14-27.1(4) to N.C.G.S. § 14-318.4(a2), *id.* (citing *State v. McClamb*, 234 N.C. App. 753, 758-59, 760 S.E.2d 337, 341 (2014)), it was bound by its decision in *Lark* because *Lark* was the earlier

precedent. *Id.* (citing *State v. Meadows*, 806 S.E.2d 682, 693 (N.C. Ct. App. 2017), *aff'd in part*, 371 N.C. 742 (2018)).

Accordingly, the Court of Appeals held that the trial court erred in failing to instruct the jury according to the definition of "sexual act" contained in N.C.G.S. § 14-27.1(4). *Alonzo*, 819 S.E.2d at 587. However, it ultimately held that the trial court's error did not amount to plain error. *Id.* at 588–89. Both defendant and the State sought discretionary review of the Court of Appeals' opinion. We allowed both parties petitions for discretionary review on 5 December 2018. However, in allowing defendant's petition for discretionary review, we limited our review to the first issue listed in his petition. Pursuant to the parties' petitions, we review (1) whether the trial court erred in instructing the jury on the charge of felony child abuse by sexual act by not defining "sexual act" according to the definition contained in N.C.G.S. § 14-27.1(4); and (2) whether the trial court's error amounted to plain error. Because we conclude that the trial court did not err by not instructing the jury on the meaning of "sexual act" according to the definition found in N.C.G.S. § 14-27.1(4), we modify and affirm the decision of the Court of Appeals. Therefore, we need not—and do not—address the Court of Appeals' prejudice analysis under the plain error standard.

## Analysis

"This Court reviews the decision of the Court of Appeals to determine whether it contains any errors of law." *State v. Melton*, 371 N.C. 750, 756, 821 S.E.2d 424, 428

(2018) (citing N.C. R. App. P. 16(a); *State v. Mumford*, 364 N.C. 394, 398, 699 S.E.2d 911, 914 (2010)).

Because the Court of Appeals rested its holding that N.C.G.S. § 14-27.1(4) provided the definition of "sexual act" for an offense under N.C.G.S. § 14-318.4(a2) on the reasoning of its prior decision in *Lark*, it did not engage in a statutory construction analysis to reach its determination. *See Alonzo*, 819 S.E.2d at 587 (citing *Lark*, 198 N.C. App. at 88, 678 S.E.2d at 698). We are not bound by the Court of Appeals' decision in *Lark*, and the issue of whether N.C.G.S. § 14-27.1(4) provides the definition of "sexual act" applicable to an offense under N.C.G.S. § 14-318.4(a2) is an issue of first impression for this Court. Accordingly, we now engage in a statutory construction analysis to determine whether subsection 14-27.1(4) provides the applicable definition of "sexual act."

"Where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must construe the statute using its plain meaning." *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990) (citing *Utils. Comm'n v. Edmisten*, 291 N.C. 451, 232 S.E.2d 184 (1977)). "But where a statute is ambiguous, judicial construction must be used to ascertain the legislative will." *Id.* at 209, 388 S.E.2d at 136-37 (citing *Young v. Whitehall Co.*, 229 N.C. 360, 49 S.E.2d 797 (1948)). Accordingly, in construing the meaning of ambiguous statutory language, our task is "to ascertain the intent of the legislature and to carry out such intention to the fullest extent." *Id.* at 209, 388 S.E.2d at 137

(citing *Buck v. Guar. Co.*, 265 N.C. 285, 144 S.E.2d 34 (1965)). Under a statutory construction analysis, legislative intent "must be found from the language of the act, its legislative history and the circumstances surrounding its adoption which throw light upon the evil sought to be remedied." *Id.* at 209, 388 S.E.2d at 137 (quoting *Milk Comm'n v. Food Stores*, 270 N.C. 323, 332, 154 S.E.2d 548, 555 (1967)). We have further stated that "when technical terms or terms of art are used in a statute they are presumed to have been used with their technical meaning in mind, absent a legislative intent to the contrary." *Black v. Littlejohn*, 312 N.C. 626, 639, 325 S.E.2d 469, 478 (1985) (quoting *In re Appeal of Martin*, 286 N.C. 66, 77–78, 209 S.E.2d 766, 774 (1974)).

Here, defendant argues that we should affirm the Court of Appeals' holding concerning the definition of "sexual act" because "sexual act" is a technical term that takes its meaning from N.C.G.S. § 14-27.1(4). Specifically, defendant argues that when N.C.G.S. § 14-318.4(a2) was enacted, N.C.G.S. § 14-27.1 was already in effect and provided a narrow, statutory definition of "sexual act." Accordingly, defendant asserts that the legislature was aware of this technical definition of "sexual act" at the time that it enacted N.C.G.S. § 14-318.4(a2), and we should assume that the legislature intended to incorporate it into the crime of felony child abuse by sexual act.

We begin by noting that N.C.G.S. § 14-27.1(4) did provide a definition of "sexual act" at the time that the legislature enacted N.C.G.S. § 14-318.4(a2). *See*

N.C.G.S. 14-27.1(4) (1983); *see also* An Act Entitled the Child Protection Act of 1983, ch. 916, § 1, 1983 N.C. Sess. Laws 1265, 1265 (adding subsection (a2) to N.C.G.S. § 14-318.4). However, assuming *arguendo* that N.C.G.S. § 14-27.1(4) provided a technical definition of "sexual act," we conclude that the legislative history of the statute provides dispositive evidence of "a legislative intent to the contrary" of defendant's argument that its definition of "sexual act" applies in the context of an offense under N.C.G.S. § 14-318.4(a2). *Black*, 312 N.C. at 639, 325 S.E.2d at 478 (quoting *In re Appeal of Martin*, 286 N.C. at 77–78, 209 S.E.2d at 774).

The legislative history of N.C.G.S. § 14-27.1(4) reveals that the legislature only intended for the statute's definition of "sexual act" to apply within its own article. Specifically, N.C.G.S. § 14-27.1 was enacted as part of a new article to Chapter 14 of the General Statutes—Article 7A. An Act to Clarify, Modernize and Consolidate the Law of Sex Offenses, ch. 682. § 1, 1979 N.C. Sess. Laws 725, 725. When it was enacted, N.C.G.S. § 14-27.1 expressly limited the applicability of all of its definitions— including the definition of "sexual act"—to Article 7A. *Id.* ("*As used in this Article*, unless the context requires otherwise . . . ." (emphasis added)); *see also* N.C.G.S. § 14-27.1 (1980). The language limiting the applicability of the statute's definitions to Article 7A was still present when subsection (a2) of N.C.G.S. § 14-318.4 was added in 1983. *See* N.C.G.S. § 14-27.1 (1983); *see also* An Act Entitled the Child Protection Act of 1983, ch. 916, § 1, 1983 N.C. Sess. Laws 1265, 1265.

Further, the legislature amended N.C.G.S. § 14-27.1 three times after N.C.G.S. § 14-318.4(a2) was enacted, and the legislature did not remove the language limiting the applicability of the statute's definitions to Article 7A any of those times.[3] Additionally, in 2015, when the legislature recodified Article 7A as Article 7B—and recodified N.C.G.S. § 14-27.1 as N.C.G.S. § 14-27.20—the legislature did not remove the language limiting the applicability of the statute's definitions to the new article.[4] Further, the current version of the statute continues to limit the application of its definitions to Article 7B. *See* N.C.G.S. § 14-27.20 (2017) ("The following definitions apply in this Article . . . .").[5] Therefore, the legislative history demonstrates that from the time N.C.G.S. § 14-27.1 was enacted in 1980, until it took its current form in N.C.G.S. § 14-27.20, the legislature intended for the definitions in the statute to apply only within the respective article. Accordingly, it was error for the Court of Appeals

---

[3] *See* An Act to Make Technical Corrections and Conforming Changes to the General Statutes as Recommended by the General Statutes Commission; to Restore the Definition of Family Care Home to its Original Language as Recommended by the General Statutes Commission; and to Make Various Other Changes to the General Statutes and Session Laws, S.L. 2002-159, § 2.(a), 2002 N.C. Sess. Laws 635, 635; *see also* An Act to Create the Offense of Sexual Battery, S.L. 2003-252, § 1, 2003 N.C. Sess. Laws 426, 426; An Act to Protect North Carolina's Children/Sex Offender Law Changes, S.L. 2006-247, § 12.(a), 2006 N.C. Sess. Laws 1065, 1074.

[4] *See* An Act to Reorganize, Rename, and Renumber Various Sexual Offenses to Make Them More Easily Distinguishable From One Another as Recommended by the North Carolina Court of Appeals in "State of North Carolina v. Slade Weston Hicks, Jr.," and to Make Other Technical Changes, S.L. 2015-181, §§ 1, 2, 2015 N.C. Sess. Laws 460, 460.

[5] *See also* An Act to Update the General Statutes of North Carolina with People First Language by Changing the Phrase "Mental Retardation" to "Intellectual Disability" in Certain Sections and to Make Other People First Language Amendments and Technical Amendments in Those Sections, as Recommended by the General Statutes Commission, S.L. 2018-47, § 4.(a), 2018 N.C. Sess. Laws 457, 464.

to conclude that the definition of "sexual act" contained in N.C.G.S. § 14-27.1(4) was applicable to offenses under N.C.G.S. § 14-318.4(a2), which is contained in a separate article, Article 39.

Moreover, we have interpreted the definition of "sexual act" in N.C.G.S. § 14-27.1(4) as arising from the specific elements of the crimes listed in Article 7A. *See State v. Lucas*, 302 N.C. 342, 346, 275 S.E.2d 433, 436 (1981). "It is noted that all sexual acts specifically enumerated in the statute relate to sexual activity involving parts of the human body." *Id.* "The only sexual act excluded from the statutory definition relates to vaginal intercourse, a necessary omission because vaginal intercourse is an element of the crimes of first and second degree rape which are defined in [the relevant statutes]." *Id.* "The words 'sexual act' do not appear in these rape statutes. The words do appear in [N.C.]G.S. [§] 14-27.4 and [N.C.]G.S. [§] 14-27.5 which define the crimes of first and second degree 'sexual offense.' " *Id.* The fact that the definition of "sexual act" in N.C.G.S. § 14-27.1(4) arose from the specific elements of other crimes in Article 7A is a further reason to reject the proposition that N.C.G.S. § 14-27.1(4) provides a definition of "sexual act" that is applicable to offenses under N.C.G.S. § 14-318.4(a2).

Accordingly, we conclude that the Court of Appeals erred when it held that the trial court erred by failing to instruct the jury on the definition of "sexual act" according to N.C.G.S. § 14-27.1(4). In so concluding, we decline to address defendant's argument that the trial court's instruction on the definition of "sexual act" was

erroneous because it seemed to match the definition of indecent liberties under N.C.G.S. § 14-202.1 and, accordingly, it was overly broad. Assuming *arguendo* that defendant properly raised this issue at the Court of Appeals, defendant did not present this issue in his petition for discretionary review. N.C. R. App. P. 28(a) ("Similarly, issues properly presented for review in the Court of Appeals, *but not then stated in* the notice of appeal or *the petition* accepted by the Supreme Court for review *and* discussed in the new briefs required by Rules 14(d)(1) and 15(g)(2) to be filed in the Supreme Court for review by that Court, are deemed abandoned." (emphases added)). The only issue listed in defendant's petition for discretionary review that this Court accepted for review was "[w]hether the Court of Appeals erred by holding that the erroneous instruction on the child abuse by sexual act charge was not sufficiently prejudicial to warrant relief under the plain error standard." Defendant's challenge to the Court of Appeals' holding under its prejudice analysis did not present the additional assignment of error that the trial court erred by giving a definition of "sexual act" that seemed to match the definition for indecent liberties under N.C.G.S. § 14-202.1.

Further, the only issue listed in the State's petition for discretionary review was the following: "Did the Court of Appeals err in holding the trial court erred in following the pattern jury instructions for felony child abuse by sexual act because these instructions are purportedly erroneous and require revision?" The sole basis for the Court of Appeals' holding was its determination that "sexual act" in N.C.G.S. §

14-318.4(a2) must be defined according to the definition set out in N.C.G.S. § 14-27.1(4). *Alonzo*, 819 S.E.2d at 587. Therefore, the State's petition for discretionary review did not present the issue of whether the trial court's instruction was erroneous because it seemed to match the definition for indecent liberties under N.C.G.S. § 14-202.1. Because that issue was not presented in either of the parties' petitions for discretionary review, it is not properly before this Court. *See* N.C. R. App. P. 28(a). To the extent that defendant's argument on that issue is now raising a constitutional challenge to the trial court's instruction, "this Court has consistently held that '[c]onstitutional questions not raised and passed on by the trial court will not ordinarily be considered on appeal.'" *State v. Meadows*, 371 N.C. 742, 749, 821 S.E.2d 402, 407 (2018) (quoting *State v. Davis*, 364 N.C. 297, 301, 698 S.E.2d 65, 67 (2010)). Therefore, defendant's failure to object to the jury instruction and raise a constitutional issue at trial is another reason that the Court declines to review this additional issue.

## Conclusion

Accordingly, we affirm the Court of Appeals' decision upholding defendant's convictions. However, we modify the decision of the Court of Appeals because we hold that the trial court did not err by not instructing the jury on the definition of "sexual act" according to N.C.G.S. § 14-27.1(4). Therefore, we need not—and do not—address the Court of Appeals' prejudice analysis under the plain error standard. Accordingly, the North Carolina Conference of Superior Court Judges Committee on Pattern Jury

Instructions need not turn its attention to the definition of "sexual act" in N.C.G.S. § 14-318.4(a2), as it was instructed to do by the Court of Appeals.

MODIFIED AND AFFIRMED.